IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBY O. WILLIAMS,
No. B-80463,

Petitioner,

vs.                                                             Case No. 15-cv-457-DRH

KIMPERLY BUTLER,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Bobby O. Williams, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1996 St. Clair County, Illinois, conviction for murder. He is currently incarcerated at Menard Correctional Center, where he is serving a life sentence.

A jury found petitioner guilty of first degree murder on November 22, 1996, in St. Clair County Case No. 96-CF-100, and he was sentenced to death. On appeal, the Illinois Supreme Court vacated the sentence and remanded the case for a new sentencing hearing. *People v. Williams*, 737 N.E.2d 230 (Ill. 2000) ("Appendix A"). Petitioner continued his challenge of the conviction, however, by unsuccessfully seeking a rehearing in the Illinois Supreme Court, and then petitioning for *certiorari* to the United States Supreme Court. The Supreme Court denied review on April 23, 2001. *Williams v. Illinois*, 532 U.S. 996.

Petitioner was resentenced on June 17, 2008, to a term of natural life imprisonment. His appeal challenging that sentence and his conviction was unsuccessful. *People v. Williams*, No. 5-08-0459, 2011 WL 10483339 (Ill. App. March 8, 2011) ("Appendix E"). The Illinois Supreme Court denied leave to appeal on November 30, 2011. *People v. Williams*, 962 N.E.2d 488 (Ill. 2011). The Supreme Court denied *certiorari* on April 2, 2012. *Williams v. Illinois*, 132 S. Ct. 1871 (2012).

On June 4, 2012, petitioner filed for post-conviction relief in the trial court (Doc. 1, p. 10). The summary dismissal of the petition was affirmed on appeal. *People v. Williams*, No. 5-12-0385, 2014 IL App. (5th) 120385-U (Sept. 17, 2014) ("Appendix C"). That post-conviction proceeding was concluded on March 25, 2015, when the Illinois Supreme Court denied his petition for leave to appeal (Doc. 1, p. 10; "Appendix C"). Petitioner filed the instant action on April 24, 2015.

Petitioner now challenges his conviction and sentence based on the trial court's exclusion of an exculpatory statement; ineffective assistance of counsel for failure to seek suppression of certain evidence; insufficient evidence to prove his guilt; the sentencing judge's prejudice against petitioner; and the alleged unconstitutionality of the Illinois sentencing statutes.

Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Without commenting on the

merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

### Filing Fee

On May 1, 2015, Petitioner's motion for leave to proceed *in forma pauperis* ("IFP") in this action was denied (Doc. 5). He was ordered to pay the $5.00 filing fee for this case no later than June 1, 2015. If petitioner fails to timely pay the filing fee, this action shall be subject to summary dismissal. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered (**on or before June 15, 2015**).[1] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 18th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.18 11:45:47 -05'00'

**United States District Judge**