## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BOBBY O. WILLIAMS,**

**Petitioner,**

**vs.**                                                    **Case No. 15-CV-00457-DRH-CJP**

**KIMBERLY BUTLER**
*Warden of Menard CC*

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

This matter is before the Court on petitioner's appeal of a magistrate decision (Doc. 57). Petitioner Bobby O. Williams seeks to appeal the April 13, 2016 Order issued by Magistrate Judge Proud denying his motion to produce (Doc. 51). Respondent filed a response opposing the appeal (Doc. 66). Based on the following, the Court affirms Magistrate Judge Proud's April 13, 2016 Order and denies plaintiff's appeal.

Local Rule 73.1(a) of the Southern District of Illinois provides:

(a)   Appeal of Non-Dispositive Matters - 28 U.S.C. § 636(b)(1)(A)

Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. A District

Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under FEDERAL RULE OF CIVIL PROCEDURE 72(a), the Court may modify or reverse a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997).

In applying this "clear error" standard, a district judge may overturn a decision "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). District Courts are given broad discretion on matters related to discovery. *Weeks*, 126 F.3d at 943. If there are two permissible views, the reviewing court will not overturn the decision solely because it would have

chosen the other. The clear error standard requires more than mere disagreement.

Accordingly, the Court will affirm Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. Ill. Local Rule 73.1(a). The Court finds that petitioner has not established that Judge Proud's order related to discovery was clearly erroneous or contrary to the law in this case.

Here, Petitioner Williams filed a motion requesting transcripts of various hearings from proceedings distinct from his criminal prosecution in *People v. Williams*, 737 N.E.2d 230 (Ill. 2000). In *People v. Williams,* which is the subject of the pending 28 U.S.C. § 2254 petition, a jury found petitioner guilty of first degree murder for the murder of Sharon Bushong. In the pending § 2254 petition, petitioner alleges that the state court judge who sentenced him made statements that show he was biased against petitioner, and he requests specific documents to help support his claim. However, this Court agrees with Judge Proud and finds that petitioner has not shown good cause for his proposed discovery given the claims raised in the pending § 2254 petition.

In the motion at issue on appeal, petitioner specifically requested the production of (1) transcripts, pleadings, and an eavesdropping recording in the petitioner's trials for the murder of Carlos Robinson (St. Clair County, Illinois, Case No. 95-CF-203), and unlawful possession of weapons (St. Clair County, Illinois, Case No. 95-CF-104); and (2) transcripts from a motion to suppress

hearing in the trial of Gerald Simpson for the murder of Sharon Bushong (St. Clair County, Case No. 94 CF 953)(Docs. 39-40). These cases were separate and distinct from the state court judgment entered against petitioner that is at issue in his pending § 2254 petition. Additionally, petitioner admitted that none of the documents he requests were filed in his state court case (Doc. 51).

As Judge Proud correctly stated, this Court's review is limited to the record that was before the state court in the petitioner's case. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1399 (2011). Evidence from a different case, which was not before the state court in petitioner's case, cannot be considered here. *See e.g., Carter v. Duncan,* 819 F.3d 931 (7th Cir. 2016), r*eh'g and suggestion for reh'g en banc denied* (May 31, 2016). Therefore, based on the law of this Circuit, it is clear that good cause has not been shown to warrant reversal of Judge Proud's Order. Petitioner failed to show that Judge Proud's decision was clearly erroneous or contrary to law. Accordingly, the Court **DENIES** petitioner's appeal and **AFFIRMS** Magistrate Judge Proud's Orders (Docs. 51& 52).

**IT IS SO ORDERED.**

Signed this 21st day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.21 16:22:35 -05'00'

**United States District Judge**