IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY O. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) Case No. 15-cv-457-DRH-CJP |
| JEFF HUTCHINSON, | ) |
| | ) |
| Respondent. | ) |

## ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on petitioner's Amended Motion Requesting an Evidentiary Hearing on Claims A and B (1)-(2) and Motion to Expand the Record Regarding Claims B (1)-(2). **(Doc. 91).**

Williams first suggests that respondent waived any objection to an evidentiary hearing because he requested a hearing in his amended petition but respondent did not object in her response. He is incorrect. Whether to hold an evidentiary hearing is a substantive issue for determination by the Court, and is not an issue that can be waived by respondent.

Petitioner argues that *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1399 (2011) does not preclude an evidentiary hearing on the first and second grounds asserted for habeas relief for several reasons. First, he argues that *Cullen* restricts the habeas court to the evidence that was before the state court only where habeas review is under 28 U.S.C. §2254(d)(1). Petitioner suggests that his claims were not adjudicated on the merits by the state courts. He is incorrect.

1

The Illinois Supreme Court adjudicated the first ground (admissibility of the statement of Gerald Simpson) in its opinion on Williams' first appeal, Doc. 33, Ex. 1, p. 1.  To the extent that the second ground (ineffective assistance of counsel) was raised in state court, it was adjudicated by the Appellate Court on appeal from the dismissal of the postconviction petition, Doc. 33, Ex. 6, p. 109. Further, respondent argues that the second ground, alleging ineffective assistance of trial and appellate counsel, is procedurally defaulted because it was not raised for one full round of state court consideration.  A procedurally defaulted claim cannot be considered on habeas review.  Therefore, until the Court determines whether the second ground is procedurally defaulted, an evidentiary hearing will not be scheduled in connection with that claim.

Williams also argues that, if this Court were to determine that the state court's decision was an unreasonable application of clearly established federal law, he would then be entitled to an evidentiary hearing.  That argument is premature, as this Court has made no such determination.

Lastly, petitioner argues that he has also requested review under §2254(d)(2).  However, he has not demonstrated that the state court's decision "was based on an unreasonable determination of the fact" as required by that section.  Review under §2254(d)(2) is not, as petitioner appears to believe, available on demand.

Petitioner also seeks to "expand the record" by submitting additional evidence regarding his ineffective assistance of counsel claim.  However, again,

respondent asserts that claim is procedurally defaulted.

**P**etitioner's Amended Motion Requesting an Evidentiary Hearing on Claims A and B (1)-(2) and Motion to Expand the Record Regarding Claims B (1)-(2) **(Doc. 91)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATE:  October 24, 2016.


              s/ Clifford J. Proud
              **CLIFFORD J. PROUD**
              **UNITED STATES MAGISTRATE JUDGE**